FILED

Nov 02 2016, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Agency – Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James L. McGraw, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 2, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1603-CR-566 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James B. Osborn, Judge <br><br> Trial Court Cause No. <br> 49G17-1509-F5-32010 |

**Bradford, Judge.**

# Case Summary

At some point prior to September of 2015, Appellant-Defendant James McGraw and Kirsten Lance were involved in a romantic relationship. On September 6, 2015, Lance, accompanied by her mother, went to McGraw's residence to remove Lance's belongings. While at McGraw's residence, Lance and McGraw argued about the removal of certain possessions. At some point during this argument, McGraw struck Lance in the face with the back of his hand. This contact was observed by other witnesses at the scene.

On September 9, 2015, Appellee-Plaintiff the State the Indiana ("the State") charged McGraw with two counts of Level 5 felony battery resulting in bodily injury to a pregnant woman and one count of Class A misdemeanor domestic battery. Eventually, the case proceeded to a bench trial, during which the trial court found Lance to be an unavailable witness and struck her testimony. Following conclusion of the State's case-in-chief, McGraw moved for dismissal of the charges pursuant to Indiana Trial Rule 41(B) ("Trial Rule 41(B)"). The trial court granted McGraw's motion, allowed the State to proceed on the lesser-included offense of Class A misdemeanor battery, and found McGraw guilty of this lesser-included offense. The trial court then sentenced McGraw to a term of 365 days, with sixty-five of those days suspended.

On appeal, McGraw contends that because the trial court's sentencing order reflects that the original charges were dismissed, but does not designate that the dismissal of the charges constituted an adjudication of the charges on the

merits, the sentencing order must be amended to clearly reflect as such. The State argues that no amendment to the sentencing order is necessary. Concluding that no correction to the sentencing order is necessary, we affirm.

# Facts and Procedural History

[4] At some point prior to September of 2015, McGraw and Lance were engaged in a romantic relationship. During at least part of this time, Lance resided with McGraw at his residence. After the relationship ended, Lance asked her mother to go with her to McGraw's residence to retrieve some personal belongings. Lance indicated that she wanted to do so while McGraw was not present.

[5] On September 6, 2015, Lance, who was pregnant, and her mother went to McGraw's residence. Shortly after entering McGraw's residence, Lance exited the residence carrying a television, which she loaded in her mother's vehicle. Lance then went back inside McGraw's home to collect certain other items. At the time, there was a great deal of commotion on the street outside McGraw's residence as members of the Indianapolis Fire Department had responded to a nearby unrelated incident.

[6] While Lance was inside collecting other items, McGraw returned home. McGraw inquired as to why the television was in Lance's mother's vehicle. Lance's mother responded "if it's yours, take it … I don't want any part of it if

it's yours." Tr. p. 141. McGraw then removed the television from Lance's mother's vehicle and placed it in his own.

[7] About that time, Lance exited McGraw's residence with a rolling laundry basket which appeared to be full of women's clothing and a twelve-pack of Pepsi. McGraw approached Lance and the two began to argue. During this argument, the laundry basket was knocked over and its contents spilled onto the street. Also during this argument, McGraw struck Lance in the face with the back of his hand. At least one of the firefighters who had responded to the nearby unrelated incident observed the confrontation between McGraw and Lance and contacted police. When Indianapolis Metropolitan Police Officers Brenda Fekkes and Calvin Tipton arrived at the scene, they observed that McGraw had gone inside his residence and Lance, who still appeared to be upset, had blood on the inside of her mouth. Officers Fekkes and Tipton then placed McGraw under arrest.

[8] Three days, later, on September 9, 2015, the State charged McGraw with two counts of Level 5 felony battery resulting in bodily injury to a pregnant woman and one count of Class A misdemeanor domestic battery. McGraw's jury trial was scheduled to begin on December 3, 2015. During voir dire, McGraw interrupted the proceedings by standing up and angrily complaining about the trial, his attorney, and the complaining witness. As a result of McGraw's actions, the trial court declared a mistrial, held McGraw in direct contempt of court, and sentenced McGraw to thirty-days in the Marion County Jail. On February 22, 2016, McGraw waived his right to a jury trial.

[9] Also on February 22, 2016, the trial court conducted a bench trial. During defense counsel's cross-examination of Lance regarding money potentially missing from McGraw's bank account, the State objected on the grounds that Lance had invoked her Fifth Amendment rights to that specific line of questioning during her deposition. The State did not offer use immunity to Lance. Finding that Lance was not an available witness because McGraw was unable to cross-examine her fully, the trial court struck Lance's previous testimony and excused her from the proceedings.

[10] After the State presented its remaining witnesses and rested its case, McGraw moved for an involuntary dismissal of the charges pursuant to Trial Rule 41(B). The trial court granted McGraw's motion. However, with respect to the first Level 5 felony battery charge, the trial court allowed the State to proceed with the lesser-included charge of Class A misdemeanor battery. The trial court found McGraw guilty of the lesser-included charge of Class A misdemeanor battery and sentenced him to a term of 365 days with 65 days suspended. This appeal follows.

# Discussion and Decision

[11] On appeal, McGraw contends that the trial court's sentencing order must be corrected. Specifically, McGraw claims that while the sentencing order reflects that the original charges were dismissed, it does not designate that the dismissal of the charges constituted an adjudication of the charges on the merits. McGraw further claims that because this is an important distinction in criminal

matters, the sentencing order must be amended to clearly reflect as such. In support, McGraw cites to Trial Rule 41(B), which provides as follows:

> **(B) Involuntary dismissal: Effect thereof.** After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff or party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52(A). Unless the court in its order for dismissal otherwise specifies, *a dismissal under this subdivision* or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, *operates as an adjudication upon the merits*.

(Emphases added).

[12] For its part, the State contends that remand is unnecessary because Indiana's successive prosecution and joinder statutes would bar it from attempting to re-prosecute the dismissed charges. However, we need not consider the State's contention in light of the plain language of Trial Rule 41(B). Again, Indiana Trial Rule 41(B) clearly states that unless the trial court's order specifies otherwise, a dismissal under Trial Rule 41(B) "operates as an adjudication upon the merits." In this case, the trial court's order does not specify otherwise. As

such, we conclude that there is no need to remand the case to correct the sentencing order.

[13] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.